

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable O. H. Slaughter
County Attorney
Martin County
Stanton, Texas

Dear Sir:

Opinion No. 0-2450
Re: What number should the judgment and transcript carry from the justice's docket in the described case?

We have received your letter requesting the opinion of this Department upon the above stated question. Your letter reads as follows:

"I would appreciate having your opinion based on the following statement of facts to-wit: A. and B. are accused of the same misdemeanor offense and separate complaints are filed with the Justice and a warrant issues for their arrest. The cases being docketed separately as two cases; and in keeping with Art No. 879 C.C.P. Vol 1. The complaint is regular and in keeping with Art. No. 883 C.C. P. Vol 3.

"Before trial it is decided to combine the cases and try both defendants together which is concurred in by counsel for defendant and a new complaint is executed including

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

both defendants, charged with the same of-
fense as was charged on the original com-
plaints. It apparently being the intention of
the Justice to use one of the original number
as appearing on his docket, say the number
given to A's case, include this on the new com-
plaint filed to include each defendant and not
assign a new number and a new case, or else the
matter was overlooked and an entirely new case
was overlooked and not docketed. At any rate
the case was called and tried, based on the com-
plaint that included both defendants and no
error was discovered on the docket.

"The case was tried before a jury and a
verdict of guilty was returned against each de-
fendant to which the defendants excepted and
gave notice of appeal to the county court.

"What number should the judgment and tran-
script carry from the Justice's docket? The
number originally assigned to 'A' case as origi-
nally filed, or should both numbers that were
given to identify the two separate cases on the
docket be included in taking the case up to the
county court where it will be given a new num-
ber, docketed on the county court docket and
tried de novo and doubtless both defendants
tried together as in the Justice's court? Would
the Justice have a legal right to correct his
docket under such circumstances to correct an
error and have the docket conform to the new
complaint filed to include both defendants?

". . ."

Under the facts as set forth in your letter, the
joint complaint executed and filed against both of the de-
fendants, is a separate and distinct complaint from the
two complaints filed against the defendants separately.
Such being the case, the new complaint should be assigned
a new file number, and should be docketed as a new complaint.

The failure to assign a file number to the new complaint was an oversight on the part of the Justice of the Peace, or a mere clerical error, and one which can be corrected without any injury to the rights of the defendants.

You are therefore respectfully advised that it is the opinion of this Department that the Justice of the Peace has the right to correct his docket, by entering therein the file number of the joint complaint against both of the defendants, and that this new file number should be carried on the judgment and transcript on appeal to the county court.

Trusting that this satisfactorily disposes of your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By D. Burle Daviss

D. Burle Daviss
Assistant

DBD:ew

1940

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN